UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CRESCENT CITY REMODELING, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 22-859 |
| CMR CONSTRUCTION & ROOFING, LLC | * | SECTION "A" (2) |

## ORDER AND REASONS

Before me is a Motion to Quash Subpoena or for Protective Order Regarding Cell Phone Records filed by Defendant CMR Construction & Roofing, LLC and non-party Steven Soule. ECF No. 24. Plaintiff Crescent City Remodeling, LLC timely filed an Opposition Memorandum. ECF No. 28. Defendant sought leave and filed a Reply Memorandum. ECF Nos. 45, 48. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Considering the record, the submissions and arguments of counsel, and the applicable law, Defendant CMR Construction & Roofing, LLC's Motion to Quash Subpoena or for Protective Order Regarding Cell Phone Records is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.    BACKGROUND

This suit arises out of a Joint Work Agreement under which Defendant CMR Construction & Roofing, LLC ("CMR") referred certain work in Terrebonne Parish to Plaintiff Crescent City Remodeling, LLC ("Crescent City"). ECF No. 1-2, ¶ 3. Crescent City asserts that it performed the requested work, but CMR did not pay as agreed. *Id*. ¶ 5. CMR filed an Answer and Counterclaim asserting that Crescent City failed to perform its various obligations, either

1

intentionally or negligently.  ECF No. 2, ¶¶ 36-37.  The discovery deadline is January 10, 2023.

ECF No. 11.

Plaintiff Crescent City issued a Rule 45 subpoena duces tecum to Verizon seeking "all local

& long distance calls, all incoming and outgoing text messages, phone logs including numbers

dialed and received" for a cell phone evidently subscribed by Defendant CMR for use of its Chief

Executive Officer Steven Soule.  ECF No. 24-2.  After Verizon notified CMR of the subpoena,

CMR filed this Motion to Quash or for Protective Order.  ECF Nos. 24-3, 24.  CMR argues that

the subpoena for cell phone records should be quashed because it ignores Soule's privacy interests,

seeks documents that are not relevant, is not proportionate to the needs of this case, is overly broad,

invades on privileged and confidential settlement communications, and improperly seeks

confidential and proprietary information, including financial information.  ECF No. 24-1, at 2-11.

In Opposition, Crescent City argues that CMR lacks standing to object based on relevance

and burden and its other objections can be addressed via a protective order.  ECF No. 28 at 2-4.  It

further argues that Soule's phone record are relevant to this breach of contract litigation because

CMR has not been transparent in its prior production regarding an alleged $1,000,000 payment in

violation of the contract.  *Id*. at 3-4.  CMR concludes by stating that, while it believes all of the

cell phone records are relevant, it will agree to limit the request to call logs and text messages

involving Soule, Tiffany Snow, Tyler Walker and/or Dave Carlson.  *Id*. at 4.

In Reply, CMR contends that both it and Soule have standing to challenge the subpoena

not only via Rule 45 but also via Rule 26.  ECF No. 48 at 1-2.  CMR argues that Crescent City has

failed to establish how the subpoena seeks relevant information, identifying numerous items that

would clearly not be relevant to this matter or would be privileged (e.g., texts with Soule's wife

and children or his communications with counsel in this case).  *Id*. at 2-3.  CMR also disputes

Crescent City's assertion of lack of transparency in prior discovery. *Id*. at 3-5.  CMR finally argues

that Plaintiff's proposed protective order is unworkable and would impose undue burden on it or

Verizon to sift through the records to identify responsive documents.  *Id*. at 5-6.  CMR does not

address the proposed limitation to seeking records involving the four specified people (Soule,

Snow, Walker and/or Carlson).

## II.     APPLICABLE LAW

### A.  Scope of Discovery

Rule 26 authorizes the parties to "obtain discovery regarding any nonprivileged matter that

is relevant to any party's claim or defense and proportional to the needs of the case, considering

the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit.  Information within this scope of discovery need not be admissible in evidence to be

discoverable."  Fed. R. Civ. P. 26(b)(1).

Rule 26(b) is not, however, "a license to engage in an unwieldy, burdensome, and

speculative fishing expedition."[1]  While relevancy in the discovery context is broader than in the

trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[2]

Thus, while the discovery rules are accorded broad and liberal treatment to achieve their purpose

of adequately informing litigants in civil trials,[3] discovery does have "'ultimate and necessary

boundaries.'"[4]  Rule 26(b)(2)(C) mandates that the Court limit the frequency or extent of discovery

---

[1] *Crosby v. La. Health Serv. & Indem. Co*., 647 F.3d 258, 264 (5th Cir. 2011) (citation omitted).
[2] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp*., No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); *see also Crosby*, 647 F.3d at 264; *Ganpat v. E. Pac. Shipping, PTE, Ltd*., No. 18-13556, 2020 WL 1046336, at *3 (E.D. La. Mar. 4, 2020).
[3] *Herbert v. Land*o, 441 U.S. 153, 176 (1979) (citations omitted).
[4] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).[5]

### B. Motion to Quash

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure.  A non-party served with a subpoena duces tecum may object by sending written objections to the issuing party within 14 days of service or before the return date, whichever is earlier.  Fed. R. Civ. P. 45(d)(2)(B).  If the non-party timely provides written objections, it has satisfied its obligations.  The serving party may then file a Motion to Compel seeking compliance. Fed. R. Civ. P. 45(d)(2)(B)(i).

Although governed in the first instance by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26.[6]  "Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45."[7]  A subpoena may be quashed or modified if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."[8]

---

[5] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).
[6] *In re Application of Time, Inc*., No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999) (citations omitted), *aff'd,* 209 F.3d 719 (5th Cir. 2000).
[7] *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (citing FED. R. CIV. P. 45(d)(3); 26(c)(1)(D)), *aff'd*, No. 15-2867, 2016 WL 6518863 (E.D. La. Nov. 2, 2016).
[8] FED. R. CIV. P. 45(d)(3).

The person filing the motion to quash also bears the burden of proof to demonstrate that compliance would impose undue burden or expense.[9]  To determine whether the subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.[10]  "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation."[11]  "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."[12]  Modification of a subpoena is generally preferable to quashing it outright.[13]

### C. Standing

Absent a personal right or privilege with respect to the subpoenaed materials, a party generally does not have standing to quash a subpoena duces tecum issued to a third party because the party is not in possession of the materials subpoenaed.[14]  Further, a party "cannot challenge a Rule 45 subpoena directed to a third party on the basis that . . . the subpoena is overly broad, or

---

[9] *See Wiwa v. Royal Dutch Petroleum Co*., 392 F.3d 812, 818 (5th Cir. 2004) (citation omitted); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted) (finding party resisting discovery must show why each discovery request is not relevant or otherwise objectionable).
[10] *Wiwa*, 392 F.3d at 818 (internal citations omitted).
[11] *Id.* (citation omitted).
[12] *Id.* (citation omitted).
[13] *Id*; *Tiberi v. CIGNA, Ins. Co*., 40 F.3d 110, 112 (5th Cir. 1994); *see also Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996) ("[M]odification of a subpoena is generally preferred to outright quashing . . . .") (citation omitted).
[14] *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (citations omitted) (ruling movants lacked standing because they were not in possession of the materials subpoenaed and had no personal right or privilege in the materials subpoenaed); *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45.") (citation omitted); *Black v. DMNO, LLC*, No. 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) ("[I]n order to challenge the subpoena, the movant must be: in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena.") (citations omitted).

that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."[15]  Although a party does not have standing under Rule 45 to challenge burden or relevance in the absence of a personal right or privilege with respect to the materials subpoenaed,[16] a party does have standing to challenge relevance under Rule 26(c).[17]

Under Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way.  Fed. R. Civ. P. 26(c)(1)(D), (G).  A district court may exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion.[18]  The trial court enjoys wide discretion in setting the parameters of a protective order.[19]

---

[15] *Salmon v. Waffle House, Inc*., No. 19-1349, 2020 WL 6708382, at *2 (E.D. La. Nov. 16, 2020) (citing *Frazier v. RadioShack Corp*., No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012)).

[16] *Bounds*, 314 F.R.D. at 218 ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45.") (citation omitted); *Black,* 2018 WL 488991, at *2 ("[I]n order to challenge the subpoena, the movant must be: in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena.") (citation omitted); *see also Brown*, 595 F.2d at 967 (ruling movants lacked standing because they were not in possession of the materials subpoenaed and had no personal right or privilege in the materials subpoenaed) (citations omitted).

[17] *Bounds*, 314 F.R.D. at 218 ("Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena.") (citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005)).

[18] *Nguyen v. Excel Corp*., 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citations omitted).

[19] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

### III.   ANALYSIS

Numerous cases recognize a personal privacy interest in cell phone records.[20]   Thus,
contrary to Plaintiff's arguments, movants (the phone subscriber and user) have standing to seek
relief.  Even if Rule 45 standing were an issue, Rule 26 would provide an alternative basis of
standing to seek the requested relief.  Accordingly, movants have standing and may properly assert
the objections in support of their request to quash the subpoena.

Plaintiff's subpoena seeks cell phone records reflecting all local and long distance calls as
well as incoming and outgoing text messages, along with logs of dialed and received calls.  ECF
No. 24-2.  Notably, Plaintiff seeks not simply the logs of calls, but also the substantive content of
incoming and outgoing text messages.  In Opposition to this motion, Plaintiff cites the outdated
discovery standard when arguing that the record are relevant because "they reasonably could lead
to the discovery of admissible evidence."  ECF No. 28, at 4.  In 2015, amendments to the Federal
Rules of Civil Procedure eliminated the "reasonably could lead to" phrase:  "The phrase has been
used by some, incorrectly, to define the scope of discovery. . . . The 'reasonably calculated' phrase
has continued to create problems . . . and is removed by these [2015] amendments."[21]  Thus, this
phrase does not guide the scope of discovery today.

The  currently  applicable  standard  authorizes  discovery  "regarding  any  nonprivileged
matter that is relevant to any party's claim or defense and proportional to the needs of the case."
Fed. R. Civ. Proc. 26(b)(1).  Plaintiff's Opposition fails to explain how the mere existence of any

---

[20] *See, e.g., Savoie v. Inland Dredging Co., LLC*, No. 20-2294, 2022 WL 1238678, at *2 (E.D. La. Apr. 27, 2022);
*Scott v. Complete Logistical Servs., LLC*, No. 19-11672, 2021 WL 2402161, at *2 (E.D. La. June 11, 2021) (citations
omitted), *aff'd*, No. 19-11672, 2021 WL 3013111 (E.D. La. July 16, 2021); *Howard v. Seadrill Americas, Inc*., No.
15-2441, 2016 WL 7012275, at *2 (E.D. La. Dec. 1, 2016) (citation omitted); *Winter v. Bisso Marine Co*., No. 13-
5191, 2014 WL 3778833, at *1-*2 (E.D. La. July 29, 2014) (collecting cases); *see also Blackmon v. Bracken Constr.
Co*., No. 18-142, 2019 WL 5866070, at *3 (M.D. La. Nov. 8, 2019) (citations omitted).
[21] *Michael G. Stag, LLC v. Stuart H. Smith, LLC*, No. 18-3425, 2019 WL 4918050, at *3 (E.D. La. Oct. 4, 2019)
(citation omitted*); see also Ehrenberg v. State Farm Mut. Auto. Ins. Co*., No. 16-17269, 2017 WL 3582487, at *1
(E.D. La. Aug. 18, 2017).

incoming or outgoing local or long-distance phone call to any particular number at any particular time has any relevance to any claim or defense in this case.  Similarly, the request for every incoming or outgoing text message without regard to parties involved or subject matter content of the message is patently overbroad as it calls for information that has no conceivable relevance to any claim or defense in this matter.  In short, as drafted, Plaintiff's subpoena is grossly overbroad, not proportionate to the needs of the case and amounts to an unabashed fishing expedition.

Likewise, Plaintiff fails to explain how *all* incoming or outgoing calls and text messages have relevance to any claim or defense.  While Plaintiff suggests that Soule directed an improper $1,000,000 payment to a non-party in violation of the contract (ECF No. 28 at 3), it fails to connect these cell phone records to that alleged misconduct.  In any event, this justification would at most authorize the production of text messages (not cell phone logs) reflecting the alleged improper payment, not every text message of any substance involving any party whomsoever.  In its Opposition, Plaintiff agrees to limit its request to all communications involving Soule, Snow, Walker and/or Carlson, but that still exceeds the permissible scope of discovery as set forth in Rule 26(b) as it would likely encompass many communications having absolutely nothing to do with the alleged unauthorized payment or any other breach of contract at issue in this case.

Although as drafted, the subpoena is improper, the Fifth Circuit has counseled the preference is to modify a subpoena, rather than quash it outright.[22]  Accordingly, the subpoena will be modified to require production of only text messages between or among Soule, Snow, Walker and/or Carlson addressing the alleged improper payment or any other breach of the contract at issue in this litigation from August 2021 to date.  If Defendant contends any such communication

---

[22] *Wiwa*, 392 F.3d at 818 (footnote and citations omitted).

is protected by the attorney-client or work product privilege, it must be identified on a proper privilege log.

## IV.      **CONCLUSION**

For the foregoing reasons,

IT IS ORDERED that Defendant CMR 's Motion to Quash or for Protective Order Regarding Cell Phone Records (ECF No. 24) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the Subpoena is hereby MODIFIED as stated herein.

New Orleans, Louisiana, this ____2nd____ day of December, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE