UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CRESCENT CITY REMODELING, LLC | * | CIVIL ACTION NO. 22-859 |
| | * | |
| VERSUS | * | SECTION: "A"(2) |
| | * | |
| CMR CONSTRUCTION & ROOFING, LLC | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |
| | * | |
| | * | |

## ORDER AND REASONS

The following motion is before the Court: **Motion in Limine to Exclude the Expert Opinions of John W. Theriot and Jason R. Schellhaas (Rec. Doc. 120)** filed by Defendant, CMR Construction & Roofing, LLC ("CMR"). Plaintiff, Crescent City Remodeling, LLC ("Crescent"), and Third-Party Defendant, Castle Construction TX, LLC ("Castle"), both oppose the motion. The motion, submitted for consideration on August 7, 2024, is before the Court on the briefs without oral argument.[1] For the reasons that follow, CMR's **Motion in Limine** is **DENIED**.

### I. Background

This case arises out of a fee dispute between CMR and Crescent. CMR contracted Crescent to perform remediation work at Tangipahoa Parish School Board buildings following Hurricane Ida. (Rec. Doc. 113-1, at 1). Crescent ultimately filed suit in the 24th Judicial District Court for the Parish of Jefferson against CMR, alleging that CMR breached the parties' Joint Work Agreement by failing to compensate Crescent for its work. (Rec. Doc. 1-2, ¶ 8). CMR subsequently removed the suit to this Court (Rec. Doc. 1), answered, and asserted a counterclaim

---

[1] CMR has requested oral argument, but the Court is not persuaded that oral argument would be helpful.

1

against Crescent, alleging that Crescent failed to perform its obligations under the contract. (Rec. Doc. 2, ¶¶ 34-42).  On May 22, 2023, CMR impleaded Castle, arguing that CMR had paid Castle the full amount due to both Castle and Crescent, but that Castle had failed to pay Crescent its share. (Rec. Doc. 86, ¶¶ 59-60).

On June 12, 2024, Castle and Crescent jointly moved to modify the scheduling order, asserting that it failed to provide time for Crescent, as a defendant-in-counterclaim, to produce an expert report rebutting CMR's expert. (Rec. Doc. 112-2). CMR opposed the motion. (Rec. Doc. 114). On July 18, 2024, the Court held a status conference at which it granted the motion for modification of the scheduling order, permitting the expert report over requests to exclude on timeliness grounds. (Rec. Doc. 124). The Court did not rule on the present motion in limine as it relates to *Daubert*. (*Id.*). CMR has moved in limine to exclude this report on two grounds: (1) the report was not provided in a timely manner under the scheduling order, and (2) the report does not comply with Federal Rule of Evidence 702. Because the Court previously ruled on the timeliness issue, it only discusses the Rule 702 challenge.

CMR first argues that the experts' testimony is not reliable, arguing that the assumptions, provided by Crescent's counsel, informed the experts as to what conclusion they should reach and caused the experts to render legal opinions. (Rec. Doc. 120-1, at 7). Specifically, CMR takes issue with the second assumption, which states: "The project manager fee and sales commissions should not impact the payment due to CCR, as these amounts should be based on CMR's 50% of the profit, rather than the entire profit which was to be allocated between CCR and CMR 50% / 50%." (*Id.*). First, both individuals are certified public accountants; the Court believes they used reliable methods and have satisfactory skills and training. Second, the Court is not persuaded that this assumption renders the opinion unreliable; the calculations in CMR's report applied the

commission to the profit of the entire job—before the 50-50 split between CMR and Crescent. This report merely assumes a different form of calculation.² (Rec. Doc. 120-2, Expert Report, at 5). To the extent that the assumption affects the experts' reliability, that issue goes to the weight of the evidence, not to its admissibility.³

CMR also moves to exclude the experts' report on the basis that it is not relevant. In support, it cites cases in which the trial court barred testimony because it was speculative. *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 585-87 (5th Cir. 2004). That argument, however, is not applicable here. *Burleson* dealt with a speculative theory—that is, the expert's opinion was based upon speculation, not science—whereas the experts here used reliable accounting methods. *Id.* at 584, 587. CMR also challenges this report based on an allegation that the opinions "are the product of incomplete and inaccurate information, as well as based on incorrect assumptions and the blanket adoption of [Crescent's] legal position." (Rec. Doc. 120-1, at 8). This Court finds the opinions relevant. First, the opinions are based on data in discovery and from the report it rebuts. (Rec. Doc. 120-2, at 5-6; *see also* Rec. Doc. 126, at 2). Second, the opinions detail what the profit would be if the commission were calculated differently than it was in CMR's expert report. This challenge goes to the weight of the evidence, not to its admissibility. The opinions expressed by Crescent's experts satisfy the requirements of *Daubert*. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

Finally, the Court notes that CMR's report has not been challenged, despite its application of a different interpretation of the underlying contract. (*See* Rec. Doc. 120-2, at 5).

---

² CMR's discussion providing cases in which expert opinions were excluded for assuming the very fact that the expert was retained to prove does not apply here. (*See* Rec. Doc. 120-1, at 8 n.41). The experts here were instructed to assume that the commissions would be paid in a certain way. The experts, however, were not retained to prove that the commissions *should* be paid that way. Rather, they were retained to prove what the damages would be if the commissions were to be paid in that way.
³ The experts used generally accepted accounting principles ("GAAP") in rendering their opinion. (Rec. Doc. 126, at 2). There is no challenge as to their method of calculating the profit outside of the underlying data and assumptions.

The underlying legal issue—the interpretation of the contract—is an issue upon which the Court has not yet ruled. It would be premature to exclude only one expert's testimony related to damages merely because it assumes a possible interpretation, absent a ruling on the proper interpretation of the contract's language.

Accordingly;

**IT IS ORDERED** that the **Motion in Limine (Rec. Doc. 120)**, filed by Defendant, CMR Construction & Roofing, LLC, is **DENIED**.

August 27, 2024

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE